IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                          **CASE NO. 8:15CR176**

        vs.

EUGENE MICHAEL FRAZIER                               **MEMORANDUM**
                                                     **AND ORDER**
                    Defendant.

This matter is before the Court on the Motion to Revoke Pretrial Detention Order
and Supporting Brief (Filing No. 18) in which the Defendant objects to the Detention
Order Pending Trial (Filing No. 11) issued by Magistrate Judge Gossett on May 29,
2015. The Court concludes that the motion, referred to herein as the "Objection," should
be overruled.

## BACKGROUND

On May 21, 2015, the Defendant was indicted for assault causing serious bodily
injury within the boundaries of an Indian Reservation, in violation of 18 U.S.C. §§
113(a)(6) and 1153, and strangulation of an intimate partner within the boundaries of an
Indian Reservation in violation of 18 U.S.C. §§ 113(a)(8) and 1153.  (Indictment, Filing
No. 1.) A Pretrial Report determined that the Defendant posed a risk of nonappearance
at trial based on his substance abuse history, the nature of the offense charged, his
prior noncompliance with conditions of supervision, and his history of failure to appear.
(Pretrial Report, Filing No. 7.)  The Pretrial Report also determined that the Defendant
posed a risk of danger to the community due to his history of substance abuse, history
of violent behavior, history of noncompliance with conditions of supervision, history of
domestic violence including the instant charges, pattern of similar criminal history, and
danger posed to a specific individual in the community.  (*Id.* at 5.)  The Pretrial Report

recommended the Defendant's release from custody, suggesting supervisory conditions to address those risks. (*Id.* at 6.)

Following a hearing conducted pursuant to 18 U.S.C. § 3142(f) on May 29, 2015, Magistrate Judge Gossett ordered the Defendant to be detained. (Filing No. 11). Judge Gossett's Detention Order considered evidence presented at the hearing, including information contained in the Pretrial Report. (*Id.* at 1.) Judge Gossett's findings were based on several factors, including, but not limited to, the nature of the Defendant's alleged crimes, the Defendant's significant criminal history, and the Defendant's history of alcohol abuse. (*Id.* at 1-2.) Judge Gossett concluded by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the Defendant's appearance as required, and by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person or the community. (*Id.* at 1.)

## STANDARD

"Unless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge." NECrimR 46.2(c). The only additional evidence presented is an attachment to the Defendant's consolidated Motion and Brief (the "Objection," Filing No. 18). That evidence consists of (1) a memo dated June 2, 2015, and certificate dated August 13, 2014, from the facilitator of a program in Winnebago, Nebraska, called "Fatherhood is Sacred," noting that the Defendant successfully completed the 12-session program and experienced growth and sobriety, and (2) a letter from a representative of the Winnebago Housing and Development Maintenance Department, dated June 1, 2015,

noting that the Defendant maintained sobriety for nearly one year, and is a good worker and good father. While these specific documents were not before Magistrate Judge Gossett at the time of the detention hearing, the information presented in those documents was before Judge Gossett in that it was incorporated within the Pretrial Report (Filing No. 7). Accordingly, the Court does not consider the attachments to the Defendant's consolidate Motion and Brief to be "additional evidence," and this Court will conduct its de novo review on the record.

**DISCUSSION**

Upon de novo review, the Court concludes that the Objection to the Magistrate's Order should be overruled. Courts consider four factors to determine whether a defendant should be detained before trial or released on bail according to the Bail Reform Act, 18 U.S.C. § 3142. The factors considered are: (1) the nature and circumstances of the offense, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g).

The Defendant does not suggest that the nature and circumstances of the alleged offenses are not serious; nor does he argue that the weight of the evidence against him is not substantial. His Objection focuses on his personal characteristics and the seriousness of the danger he may pose to any person in the community. In essence, the Defendant argues that he achieved sobriety and experienced post offense rehabilitation following the events of June 2, 2014, giving rise to the Indictment.

While the Defendant's efforts at post offense rehabilitation are commendable, his criminal history, including crimes of violence, and his history of noncompliance with

court orders is lengthy. Even assuming that the Defendant has maintained post-offense sobriety, a de novo review of the record supports a finding that no condition or combination of conditions would reasonably assure the Defendant's appearance as required, and that no condition or combination of conditions would reasonably assure the safety of other persons in the community. Accordingly,

IT IS ORDERED: The Motion to Revoke Pretrial Detention Order (Filing No. 18) is denied.

Dated this 29th day of June, 2015.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge